IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                       PLAINTIFF/RESPONDENT

v.                   Civil No. 05-2081
Criminal No. 99-20031

TYRONE COLLINS                                                     DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the petition of the defendant/movant, Tyrone Collins (hereinafter "Collins"), for writ of habeas corpus pursuant to *28 U.S.C. § 2241*. (Doc. # 1) This petition was duly served upon the United States and a response to the petition was filed on July 29, 2005. (Doc. # 37)

**Factual and Procedural Background:**

Collins is an inmate in the Tucker Unit of the Arkansas Department of Corrections. On October 28, 1999, Collins, represented by the Office of the Federal Public Defender for the Eastern and Western Districts of Arkansas, entered a plea of guilty to a single count of causing the United States Postal Service to deliver a threatening communication to a judge in violation of *18 U.S.C. § 876*. On April 10, 2000, Collins was sentenced to 51 months imprisonment, three years supervised release, a $2,000.00 fine and a $100 special assessment. The sentence was ordered to run consecutively to any other term of imprisonment to which Collins had previously been sentenced. (Doc. #26) The presentence report revealed that, as of the date of sentencing, Collins was serving a sentence of 30 years in the Arkansas Department of Correction for kidnaping and rape. His earliest parole eligibility date is 2018 (Doc. #24) and he remains a prisoner of the ADC.

Prior to the filing of the pending § 2241 petition, Collins filed no other petitions, applications, or motions in this court with respect to his conviction and sentence.

On September 20, 2005 the court served upon Collins a questionnaire/addendum to petition with respect to the issue of whether Collins' pending petition/motion was filed within the period of limitations prescribed by § 2255. (Doc. #39) On September 27, 2005, Collins filed the completed questionnaire/addendum to motion. (Doc. #40)

**Discussion:**

In the pending petition/motion, Collins seeks relief from his sentence. Specifically, he claims that:

> a. his attorney provided ineffective assistance by failing to file a motion seeking a mental evaluation of Collins and by persuading Collins to waive a jury trial by advising him that he had a huge case load and that Collins' case was taking up too much time and tax dollars; and,
>
> b. that his plea of guilty was unlawfully induced and was not entered knowingly and with an understanding of the nature of the charge and the consequences of the plea.

(Doc. #28)

In response, the United States asserts that: Collins' claims are improperly asserted by way of a petition pursuant to § 2241, and, Collins' claims are barred by limitations. (Doc. #37)

A petition brought pursuant to 28 U.S.C. § 2241 "must challenge the execution of a sentence, not its legality." *United States v. Torres*, 409 F.3d 1000, 1003 (8th Cir. 2005). Here, Collins does not challenge the execution of the sentence. Instead, he challenges the conviction and sentence themselves, asserting that he received the ineffective assistance of counsel and that his guilty plea was involuntarily entered. "A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to

challenge the conviction without first showing that § 2255 would be inadequate or ineffective."

*Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

> It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." (citation omitted) Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time barred. (citation omitted)

*Id. see also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)("... a *§ 2255* motion is not 'inadequate or ineffective' merely because: ... (4) 'the petitioner has allowed the one year statute of limitations and/or grace period to expire.'"). Further, the prisoner "has the burden of demonstrating *§ 2255* relief in the sentencing court would be unavailable or ineffective." *Id.*

Applying this standard, it is clear that Collins has not shown or alleged that *§ 2255* relief would be unavailable or ineffective.[1]

Accordingly, since Collins' claims can not be considered in the context of a petition for relief under § 2241, we construe Collins' claims as what they are, claims seeking relief from his conviction and sentence generally which this court should consider as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Construing Collins' filing as a § 2255 motion his claims are barred by limitations. *Section 2255* provides for a one year limitation period with respect to the filing of motions under that section:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> > (1) the date on which the judgment of conviction becomes final;

---

[1] Additionally, a petition under § 2241 must be filed in the federal judicial district in which the petitioner is incarcerated. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)(collateral challenge to a federal conviction under *§ 2241* must be raised in a habeas petition filed in the court of incarceration).

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*28 U.S.C. § 2255*.

The judgment of conviction in this case was entered on April 11, 2000 (Doc. #25), and became final for the purpose of calculating the one-year period for the filing of a *§ 2255* motion on April 21, 2000, the last day on which an appeal could have been filed. *Federal Rules of Appellate Procedure*, *Rule 4(b)(1)*.

Since Collins has not asserted the existence of any of the circumstances identified in *§ 2255* which might delay the commencement of the one-year limitations period, he had one-year from April 21, 2000, or until April 21, 2001, to file his *§ 2255* motion.

Since Collins' motion was not filed until May 16, 2005, over five years after his conviction became final, it must be dismissed as barred by limitations, unless the limitations period is considered tolled.

The United States Court of Appeals for the Eighth Circuit has not yet considered whether equitable tolling can apply to a *§ 2255* motion. *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)(it is undecided whether equitable tolling can apply to a *§ 2255* motion). However, even if equitable tolling can apply, it would not be applicable in this case.

Equitable tolling is appropriate when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Paige v. United States*, 171 F.3d at 561.

In his questionnaire/addendum to petition, filed on September 27, 2005, Collins explained that he did not file his motion earlier because he was not advised of the existence of a limitations period, that he has "various mental disorders" and, he is "little learned at the law." (Doc. #40)

It is well established that ignorance of the existence of the limitations period will not toll the running of the one-year limitations period. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir.2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Further, "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *United States v. Sosa*, 264 F.3d 507, 513 (4th Cir. 2004)(citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). Collins does not allege such "profound mental incapacity." Further, his participation at the plea and sentencing proceedings and his drafting and filing of the pending motion belie such a contention. *Id.* (finding relevant the fact that the movant did not assert that he suffered from a "profound mental incapacity," as well as the movant's diligence in seeking to vacate or modify his sentence, in concluding that movant's was not an extraordinary case calling for the application of equitable tolling). It is concluded that Collins has not alleged such extraordinary circumstances beyond his control that made it impossible for him to file a motion within the time period provided by statute.

It is further noted that even if Collins asserts that he is actually innocent of the subject offense, such a claim would not avail him in the circumstances of this case. First, the United States Court of Appeals for the Eighth Circuit has declined to consider a claim of actual innocence in the

context of a *§ 2255* proceeding where the *§ 2255* motion is time barred. *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) Further, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bously v. United States*, 523 U.S. 614, 623 (1998) Collins entered a plea of guilty to the subject offense and according to the presentence report, he admitted the commission of the offense to investigating United States Marshal. Thus any claim that Collins is actually innocent must be rejected.

*Rule 8(a)* of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that:

> If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

For the reasons set forth below, it is determined that no evidentiary hearing is required and that the pending *§ 2255* motion should be dismissed as untimely filed.

**Conclusion:**

Accordingly, it is found that Collins' pending *§ 2255* motion is barred by the one-year limitations provision of the statute and it is recommended that the motion should be dismissed.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 26th day of October 2005.

                                          _/s/ Bobby E. Shepherd_
                                          HON. BOBBY E. SHEPHERD
                                          UNITED STATES MAGISTRATE JUDGE