IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

V.                Case No. 2:99-cr-20031-PKH-MEF-1

TYRONE COLLINS                              DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody filed September 29, 2017. (ECF No. 48). No

service of the § 2255 motion was authorized and, therefore, the United States of America has not

filed a response. The matter is ready for Report and Recommendation.

### I. Background

On October 28, 1999, Defendant/Petitioner, Tyrone Collins ("Collins"), represented by the

Office of the Federal Public Defender for the Eastern and Western Districts of Arkansas, entered a

plea of guilty to a single count of causing the United States Postal Service to deliver a threatening

communication to a judge in violation of 18 U.S.C. § 876. (ECF No. 23).

On April 10, 2010, Collins was sentenced to 51 months imprisonment, three years supervised

release, a fine of $2,000.00, and a $100.00 special assessment. (ECF No. 25). The sentence was

ordered to run consecutively to any other term of imprisonment to which Collins had previously been

sentenced. (ECF No. 26). The Pre-Sentence Investigation Report ("PSR") revealed that, as of the

date of sentencing, Collins was serving a sentence of 30 years in the Arkansas Department of

Correction for kidnaping and rape. Collins' earliest parole eligibility date is 2018, and he remains

a prisoner of the ADC. (ECF No. 24). No direct appeal was taken by Collins.

On May 16, 2005, over five years later, Collins filed his *pro se* motion pursuant to 28 U.S.C. § 2241. (ECF No. 28). The § 2241 motion raised claims that: (1) his attorney provided ineffective assistance by failing to file a motion seeking a mental evaluation of Collins and by persuading Collins to waive a jury trial by advising him that he had a huge case load and that Collins' case was taking up too much time and tax dollars; and, (2) that his plea of guilty was unlawfully induced and was not made knowingly and with an understanding of the nature of the charge and the consequences of the plea. (ECF No. 28).

The Government filed a response in which it argued that Collins' claims were improperly asserted by way of a petition under 28 U.S.C. § 2241, and that Collins' claims were barred by limitations. (ECF No. 37).

Since Collins did not challenge the execution of the sentence, but instead, he challenged the validity of the conviction and sentence themselves, his claims could not be considered in the context of a petition under 28 U.S.C. § 2241[1], and this Court construed Collins' claims as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 42, p. 3).

Finding Collins' filing as a § 2255 motion to be untimely, the Hon. Bobby E. Shepherd, then U.S. Magistrate Judge[2], filed a Report and Recommendation on October 26, 2005 recommending dismissal. (ECF No. 42). Citing *United States v. Booker*, 543 U.S. 220 (2005), and contending that he "never admitted to past criminal history," Collins objected to the Report and Recommendation. (ECF No. 43). The Hon. Robert T. Dawson, U. S. District Judge, entered an Order adopting the

---

[1] A petition brought pursuant to 28 U.S.C. § 2241 "must challenge the execution of a sentence, not its legality." *United States v. Torres*, 409 F.3d 1000, 1003 (8th Cir. 2005).

[2] Now a Circuit Judge for the Court of Appeals for the Eighth Circuit.

Report and Recommendation in its entirety on November 3, 2005. (ECF No. 45). No appeal from the dismissal of his § 2255 motion was taken by Collins.

On September 29, 2017, nearly 12 years after the dismissal of his first § 2255 motion, Collins filed the pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 48). As grounds for relief, Collins argues: (1) that by varying upward the Court violated application of the Sentencing Guidelines (ECF No. 48, p. 4); (2) that the Court's above-Guidelines sentence is substantively unconstitutional because the upward variance was based upon factors already taken into account by the Guidelines, and the factors were improperly weighed (ECF No. 48, p. 5); and, (3) violation of both application and constitutionality of the Sentencing Guidelines (in effect, a re-statement of his first two grounds, with the additional argument that the Court failed to address his objection to the Report and Recommendation) (ECF No. 48, p. 7). Regarding timelieness, Collins states, "[a]t the time various 8th Circuit and U. S. Supreme Court rulings had not been ruled on, now they have and also have now been newly recognized by both courts and made retroactively applicable to cases on collateral review." (ECF No. 48, p. 11).

Collins did not obtain permission from the Eighth Circuit Court of Appeals to file a second or successive petition under 28 U.S.C. § 2255.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Collins' § 2255 motion and the files and records of this case conclusively shows that this Court is without authority to consider the motion, and the undersigned recommends dismissal of Collins' pending § 2255 motion.

## The § 2255 Motion is a Second or Successive Motion

The Anti-Terrorism and Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*, imposed procedural requirements on federal prisoners who wish to file "second or successive" motions to vacate their sentences. The AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located authorizing the district court to consider the successive motion or application. 28 U.S.C. § 2255 also provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244. A second or successive motion must be certified under 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *Rodgers v. United States*, 229 F.3d 704 (8th Cir. 2000).

The Eighth Circuit has held that when a successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, a district court lacks jurisdiction to entertain the § 2255 motion. *See United States v. Matlock*, 107 F. App'x 697, 2004 WL 1809451 (8th Cir. Aug. 13, 2004) (unpublished opinion) ("[t]he district court properly dismissed the motion"); *Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732 (8th Cir. 2000) (unpublished table decision) (the district court lacked the power and authority to entertain the defendant's second or successive § 2255 motion and the Eighth Circuit Court of Appeals remanded the case with directions to dismiss the motion for lack of jurisdiction).

On its face, Collins' pending § 2255 motion is a second or successive § 2255 motion. Collins' first § 2255 motion was filed on May 16, 2005. (ECF No. 28). Found to be untimely, it was dismissed by this Court on November 3, 2005. (ECF No. 45). "Circuit courts have generally concurred that a later petition for collateral relief is to be considered 'second or successive' if an earlier petition is dismissed as untimely." *United States v. Munoz*, 198 F.Supp.3d 1040, 1044 (D. Minn. 2016) (internal citations omitted). This Court, therefore, has no jurisdiction to consider Collins' current § 2255 motion absent an appropriate certification from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

Since Collins has not been authorized by the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion, this Court must either dismiss the instant action or transfer it to the Eighth Circuit Court of Appeals. *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002).

Here, the interests of justice would not be served by transferring the matter to the Court of Appeals for the Eighth Circuit so Collins could seek certification to file a second or successive petition under § 2255. This is because Collins fails to cite a single case he contends establishes a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable to him. Collins does allege "[a]t the time various 8th Circuit and U. S. Supreme Court rulings had not been ruled on, now they have and also have now been newly recognized by both courts and made retroactively applicable to cases on collateral review"; but, such a vague and conclusory statement is insufficient to enable a determination of whether any new rule of constitutional law, made retroactive to cases on collateral review, is applicable to Collins' case.

In his objections to Judge Shepherd's Report and Recommendation, Collins cited *United States v. Booker*, 543 U.S. 220 (2005), in support of his contention that he "never admitted to past criminal history." The Supreme Court's decision in *Booker*, however, does not apply retroactively to cases on collateral review. *See Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005).

Further, given the nearly 12 years from the dismissal of Collins' first § 2255 motion to the filing of his pending § 2255 motion, there are serious concerns regarding whether any of the "various 8th Circuit and U. S. Supreme Court rulings" referred to by Collins would qualify as a "new" rule of constitutional law. *See, e.g., United States v. Fernandez*, 954 F.Supp. 77 (S.D.N.Y. 1997) (case decided six years prior to defendant's sentencing could not be relied upon as establishing "new" constitutional standards justifying his second petition to vacate sentence).

## III. Conclusion

For the reasons and upon the authorities discussed above, it is recommended that Collins'

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 48) be **DISMISSED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of October 2017.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE