UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                      No. 2:99-CR-20031

TYRONE COLLINS                                                                               DEFENDANT

### ORDER

On April 11, 2000, Defendant Tyrone Collins was sentenced to 51 months of imprisonment for his conviction in this Court on one count of mailing threatening communications through the United States Postal Service, ordered to run consecutively to any other undischarged term of imprisonment. *See* Doc. 25. Five years later, Mr. Collins petitioned for a writ of *habeas corpus* under 28 U.S.C. § 2241, asking that this conviction and sentence be vacated. *See* Doc. 31. The magistrate judge eventually issued a report and recommendation that the petition be denied. *See* Doc. 42. When discussing the case's procedural background, the report and recommendation noted that Mr. Collins was, at that time, incarcerated in the Arkansas Department of Corrections ("ADC"), serving a sentence of 30 years for state-court convictions of kidnapping and rape. *See id.* at 1. The same observation was made 12 years later in a report and recommendation regarding a motion to vacate that Mr. Collins filed under 28 U.S.C. § 2255. *See* Doc. 53, p. 1.

Now Mr. Collins has filed a motion to seal, asking that references on this docket to his state-court convictions be sealed from public view because this information could pose a risk to his safety in federal prison, to which he is awaiting transfer from the ADC. *See* Doc. 62. Mr. Collins does not cite any legal authority supporting this request. In general, the public enjoys a qualified First Amendment right of access to criminal proceedings, but there are some limited circumstances in which that right may be overridden by, for example, the right of the accused to a

1

fair trial. *See, e.g.*, *Press-Enterprise Co. v. Sup. Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 9–10 (1986). Similarly, there is a common-law right of public access to both civil and criminal judicial records, though that right also is not absolute. *See, e.g.*, *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). Here, although the Court takes the safety of inmates very seriously, it is not persuaded that this concern overrides the public's right of access to judicial records in this instance. The potential harm Mr. Collins points to is entirely speculative; and the remedy he seeks would not meaningfully mitigate that risk, given that his state-court convictions are a matter of public record and easily discoverable through a search of state-court criminal dockets over which this Court has no control.

IT IS THEREFORE ORDERED that Defendant Tyrone Collins's motion to seal (Doc. 62) is DENIED.

IT IS SO ORDERED this 3rd day of October, 2023.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE

2